WELLS, J.
(specially concurring).
I agree that the order on appeal admitting to probate a nuncupative will should be reversed. I do so because Florida, while recognizing the validity of notarial wills of non-residents if valid where made, does not recognize a nuncupative will under any circumstance. See § 733.205, Fla. Stat. (2013) (recognizing the validity of notarial wills executed by non-residents); § 732.502(2), Fla. Stat. (20Í3) (settling that wills executed by non-residents will be recognized in Florida if valid where made even if non-compliant with Florida’s statutory mandates for executing a valid will[5], but confirming holographic and nuncupa-tive wills are not valid in Florida irrespective of by whom or where executed: “[a]ny will, other than a holographic or nuncupa-tive will, executed by a nonresident of Florida, ... is valid as a will in this state if valid under the laws of the state or country where the will was executed.” (Emphasis added.)).

. See generally § 732.502(1), Fla. Stat. (2013) (requiring that wills be signed by the testator/testatrix in the presence of two witnesses who must also sign the will in the presence of • the testator/testatrix and each other).